IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:19-cr-441-ECM |
| | ) | (WO) |
| ASHLEY GLASS | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Defendant's motion to review and revocation of detention order (doc. 47) filed on March 24, 2020 and supplemented on April 22, 2020 (doc. 54). Pursuant to 18 U.S.C. § 3145(b), the Defendant seeks review and revocation of the detention order entered by United States Magistrate Judge Jerusha Adams on March 13, 2020. (Doc. 42). The Government opposes the Defendant's motion. (Doc. 55). The Court has independently examined and reviewed the proceedings before the Magistrate Judge, including the petition by the probation officer to revoke bond, the transcript of the bond revocation hearing (doc. 50) held on March 12, 2020, the Order of Detention (doc. 42) filed on March 13, 2020, the motion as supplemented (docs. 47 & 54), and the government's opposition to the motion (doc. 55) filed on April 29, 2020. Upon careful consideration of the arguments of counsel, the evidence presented, the relevant law, and for the reasons that follow, the Court concludes that the Defendant's motion is due to be DENIED.

## JURISDICTION

Pursuant to 18 U.S.C. § 3145(b), a defendant who has been ordered detained pending trial may move the court with original jurisdiction over the offense to revoke or amend the detention order.

## PROCEDURAL HISTORY

On October 29, 2019, defendant Ashley Glass ("Glass") was charged in a three count indictment with conspiracy to engage in counterfeiting in violation of 18 U.S.C. § 571 and with passing or uttering counterfeit instruments in violation of 18 U.S.C. § 472. (Doc. 1). Glass is accused of passing counterfeit fifty-dollar bills. (*Id.*).

Glass was arrested on January 8, 2020. She was released on an unsecured bond in the amount of $25,000. (Doc. 19). Her conditions of release specifically included the following conditions:

- The defendant must not violate any federal, state or local law while on release.

- The defendant must avoid all contact, directly or indirectly, with co-defendants.

- The defendant must submit to random drug testing at the request of her supervising pretrial services officer.

- Report as soon as possible to the pretrial services any contact with law enforcement including, but not limited to, any arrest, questioning or traffic stop.

(Doc. 20).

On March 9, 2020, the Defendant's pretrial services officer petitioned the Court for a warrant to revoke the Defendant's pretrial release because he believed Glass had violated the conditions of supervision. (Doc. 36). The Defendant was alleged to have committed

five violations of the mandatory conditions of her supervised release.  Specifically, on February 12, 2020, Glass was alleged to have violated the condition that she "must not commit another federal, state or local crime" by being arrested by the Dothan Police Department and charged with criminal trespassing and theft of property.   Glass was also arrested by Newton Police Department on February 29, 2020 and charged with driving with a suspended license.  Finally, Glass was alleged to have violated the condition that she report as soon as possible any contact with law enforcement as she failed to inform her pretrial services officer of the two arrests.   Glass was arrested on the petition to revoke her pretrial release on March 9, 2020.

On March 12, 2020 the Court held a bond revocation hearing at which time the Defendant admitted the violations.  (Doc. 50 at 4-5).  The Defendant argued, however, that there were less restrictive means including an ankle monitor and home confinement to ensure Glass's compliance with conditions of release.  (*Id.* at 31-35).  After testimony from Glass' pretrial services officer, and hearing argument from counsel, the Magistrate Judge ordered Glass detained.

> Based upon the evidence presented in this case and the argument of counsel, I stated previously that I found that there's probable cause to believe that you committed a federal, state, or local crime while on release.  But I also find, through your admissions to all five of the violations, that there's clear and convincing evidence that you violated conditions of your release.  I also find that it is unlikely that you will abide by any condition or combination of conditions of release, and I find you should be detained pending trial.
>
> I am concerned, gravely, by these violations.  This is not just

> one mistake. This is a pattern of bad decisions and/or mistakes from February 12th, with the conduct at Walmart, to February 29 with you driving with a suspended license, compounded by the fact that you did not admit your fault to the probation officer and inform the probation officer as soon as possible.
>
> Poverty is not an excuse to engage in criminal activity. There are resources here. There are resources that the Court and the probation officer can provide. And I know how I talk to each defendant when I go through an order and a bond, and I am sure that you understand each condition. So I take violations of these conditions very seriously. Because when you enter into an order of release and a bond with this Court, that's an agreement with this Court. And I take the agreements very seriously. I would hope you would do the same. So I'm remanding you pending trial in this case.

(Doc. 50 at 38-39).

In her written order, the Magistrate Judge specifically found that

> there is (1) probable cause to believe that Defendant has committed a Federal, State, or local crime while on release; (2) clear and convincing evidence that Defendant has violated a condition of her release; and (3) that Defendant is unlikely to abide by any condition or combination of conditions of release.

(Doc. 42).

On March 24, 2020, Glass filed the pending motion for review and revocation of the detention order arguing that "there are less restrictive conditions or a combination of conditions that are able to be fashioned by this Court to assure the Defendant will appear at all hearings and settings as required." (Doc. 47 at 7).

## DISCUSSION

Under the Bail Reform Act of 1984, a defendant's pretrial release may be revoked

4

if, after a hearing, the Court makes two findings. First the Court must find that there is "probable cause to believe that the person has committed a Federal, State, or local crime while on release; *or* clear and convincing evidence that the person has violated any other condition of release." 18 U.S.C. § 3148(b)(1)(B) (emphasis added). Next, the Court must also find that ". . . there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other persons or the community; *or* the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)(2). If a crime was committed or a condition of release violated and the Defendant is unlikely to abide by conditions of release, the judicial officer "shall enter an order of revocation and detention." 18 U.S.C. § 3148(b).

Glass argues that there are less restrictive conditions that would protect the community and ensure her appearance at trial. However, the Court does not reach the issue of flight or safety to the community if the Court concludes that the Defendant would not abide by conditions. 18 U.S.C. § 3148(b). The Magistrate Judge detained Glass on the basis that there is probable cause that she committed criminal offenses while on release; there is clear and convincing evidence she violated the conditions of her release; and she is "unlikely to abide by any condition or combination of conditions of release. (Doc. 42).

At the bond revocation hearing, the Defendant admitted that she had committed other crimes and that she violated the conditions of her release. (Doc. 50 at 3-6). Ample evidence presented at the hearing demonstrated that Glass is unlikely to abide by the

5

conditions of her release. For example, in less than a month on pretrial release, Glass was verbally reprimanded by her pretrial services officer for "her failure to report as directed and her failure to submit to urinalysis as instructed." (*Id*. at 7). At the time of the violations of the conditions of her release, the Defendant was on state probation. (*Id.* at 9-10). More importantly, the Defendant does not challenge the finding that she is "unlikely to abide by any condition or combination of conditions" if released. *See United States v. Wingo*, 490 F. App'x 189, 191 (11th Cir. 2012).

Glass argues that she is being detained because of her drug addiction and poverty, and with the current COVID-19 pandemic, her safety and well-being "should be trump the need for her being detained." (Doc. 47 at 3). The existence of the novel coronavirus, COVID-19, without more, is not a basis to revoke the Magistrate Judge's detention order. Moreover, the Court disagrees that the Defendant is being detained based on her socioeconomic status and drug addiction. The Defendant has consistently failed to follow the direction of her pretrial services officer. She was reprimanded for failing to report when directed and failing to submit to urinalysis testing. She admitted that she committed the offenses of trespassing, theft and driving with a suspended license while on pretrial release and state probation. She failed to notify her pretrial services officer of her two arrests. The Court has no confidence that the Defendant will abide any condition or combination of conditions of release.

The Court has conducted an independent review of the record which was

sufficiently developed by the Magistrate Judge.[1]  The Court has reviewed the transcript of the bond revocation hearing held on March 12, 2020, reviewed the petition for revocation, and considered the arguments of counsel contained in the motion and responses filed in support of and against detention.  Based on that review, the Court finds that the factual findings of the Magistrate Judge are supported by the evidence and her legal conclusions are correct.  *United States v. King,* 849 F.2d 485, 490 (11th Cir. 1988).  The Court adopts the Magistrate Judge's findings and concludes that there is probable cause to believe that Glass committed a crime while on release, that there is clear and convincing evidence that she violated a condition of release, and that Glass is unlikely to abide by any condition or combination of conditions if released.  Pursuant to 18 U.S.C. § 3148, for the reasons as stated, and for good cause, it is

ORDERED that the Defendant's motion for review and revocation of the detention order (doc 47) is DENIED and the detention order of the Magistrate Judge is AFFIRMED.

Done this the 21st day of May, 2020.

    /s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] While the Court must undertake an independent review of the case, the Court is not obligated to conduct another hearing.  *United States v. King*, 849 F.2d 485, 489-90 (11th Cir. 1988).